# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 04/27/2023 11:00 AM
Case Number CVRI2302169 0000056410566 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Joseph Acosta, Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NISSAN NORTH AMERICA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JANET RODRIGUEZ, an individual, and CARLOS CEJA, an individual

FOR OFFICE USE ONLY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: County of RIVERSIDE Superior Court
*(El nombre y dirección de la corte es):*
RIVERSIDE HISTORIC COURTHOUSE, 4050 Main Street, Riverside, CA 92501

CASE NUMBER:
*(Número del Caso):*
CVRI2302169

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Y. Jacobson, Esq. and Daniel Nickfardjam, Esq.; QUILL & ARROW, LLP; 10900 Wilshire Boulevard, Suite 300, Los Angeles, CA 90024; Tel: (310) 933-4271

DATE: 04/27/2023
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* NISSAN NORTH AMERICA, INC., a Delaware Corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Riverside on 04/27/2023 11:00 AM
Case Number CVRI2302169 0000056410563 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Joseph Acosta, Clerk

**QUILL & ARROW, LLP**
Kevin Y. Jacobson, Esq. (SBN 320532)
kjacobson@quillarrowlaw.com
Daniel Nickfardjam, Esq. (SBN 337855)
dnickfardjam@quillarrowlaw.com
e-service@quillarrowlaw.com
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA, 90024
Telephone:   (310) 933-4271
Facsimile:   (310) 889-0645

Attorneys for Plaintiffs,
**JANET RODRIGUEZ**
**AND CARLOS CEJA**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| JANET RODRIGUEZ, an individual, and CARLOS CEJA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NISSAN NORTH AMERICA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CVRI2302169<br>Unlimited Jurisdiction<br><br>**COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br>3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2** |

COMPLAINT

Plaintiffs, JANET RODRIGUEZ, an individual, and CARLOS CEJA, an individual ("Plaintiffs"), allege as follows against Defendant NISSAN NORTH AMERICA, INC., a Delaware Corporation ("NISSAN NORTH AMERICA, INC."), and DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under the circumstances:

## DEMAND FOR JURY TRIAL

1. Plaintiffs, JANET RODRIGUEZ and CARLOS CEJA, hereby demand trial by jury in this action.

## GENERAL ALLEGATIONS

2. Plaintiffs, JANET RODRIGUEZ and CARLOS CEJA, are individuals residing in the City of Moreno Valley, State of California.

3. Defendant, NISSAN NORTH AMERICA, INC., is and was a Delaware Corporation operating and doing business in the State of California.

4. These causes of action arise out of warranty and repair obligations of NISSAN NORTH AMERICA, INC. in connection with a vehicle Plaintiffs purchased and for which NISSAN NORTH AMERICA, INC. issued a written warranty. The warranty was not issued by the selling dealership.

5. Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual, or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences, and transactions set forth herein, and are legally liable to Plaintiffs. Plaintiffs will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

6. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

7. Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and

- 2 -
**COMPLAINT**

omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief prayed for herein.

8. On January 30, 2021, Plaintiffs purchased a 2020 Nissan Frontier, having VIN No.: 1N6ED0EA9LN727458 ("the Subject Vehicle"). These causes of action arise out of warranty and repair obligations of NISSAN NORTH AMERICA, INC. in connection with a vehicle that Plaintiffs purchased and for which NISSAN NORTH AMERICA, INC. issued a written warranty. The warranty was not issued by the selling dealership.

9. NISSAN NORTH AMERICA, INC. warranted the Subject Vehicle and agreed to preserve or maintain the utility or performance of Plaintiffs' vehicle or to provide compensation if there was a failure in such utility or performance. In connection with the purchase, Plaintiffs received various warranties, inter alia, a 3-year/36,000 mile express bumper to bumper warranty, a 5-year/60,000 mile powertrain warranty which, inter alia, covers the engine and the transmission, as well as various emissions warranties that exceed the time and mileage limitations of the bumper to bumper and powertrain warranties.

10. The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, transmission, engine, and electrical system defects.

11. Plaintiffs hereby revoke acceptance of the sales contract.

12. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs have used the vehicle primarily for those purposes.

13. Plaintiffs are the "buyers" of consumer goods under the Act.

14. Defendant, NISSAN NORTH AMERICA, INC., is a "manufacturer" and/or "distributor" under the Act.

15. Plaintiffs hereby demand trial by jury in this action.

### FIRST CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Express Warranty**

16. Plaintiffs incorporate herein by reference each and every allegation contained in the

- 3 -
**COMPLAINT**

preceding and succeeding paragraphs as though herein fully restated and re-alleged.

17. The Subject Vehicle was sold to Plaintiffs with express warranties that the Subject Vehicle would be free from defects in materials, nonconformity, or workmanship during the applicable warranty period and to the extent that the Subject Vehicle had defects, Defendant NISSAN NORTH AMERICA, INC. would repair the defects.

18. The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, transmission, engine, and electrical system defects.

19. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs have used the Subject Vehicle primarily for those purposes.

20. Plaintiffs are the "buyers" of consumer goods under the Act.

21. Defendant, NISSAN NORTH AMERICA, INC., is a "manufacturer" and/or "distributor" under the Act.

22. The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

23. Plaintiffs delivered the vehicle to an authorized NISSAN NORTH AMERICA, INC. repair facility for repair of the nonconformities.

24. Defendant was unable to conform Plaintiffs' vehicle to the applicable express warranty after a reasonable number of repair attempts.

25. Notwithstanding Plaintiffs' entitlement, Defendant NISSAN NORTH AMERICA, INC. has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

26. By failure of Defendant to remedy the defects as alleged above or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

27. Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of

the nonconformities.

28. Plaintiffs are entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

29. Plaintiffs are entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

30. Because Defendant willfully violated the Song-Beverly Act, Plaintiffs are entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for NISSAN NORTH AMERICA, INC.'s willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Implied Warranty

31. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

32. NISSAN NORTH AMERICA, INC. and its authorized dealership at which Plaintiffs purchased the subject vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the subject vehicle. The sale of the Subject Vehicle was accompanied by implied warranties provided for under the law.

33. Among other warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that the Subject vehicle was merchantable pursuant to Civil Code section 1792.

34. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

35. The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

36. The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

37. The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was sold with one or more defective vehicle systems/components which manifested as transmission, engine, and electrical system defects.

38. Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

39. Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq*.

40. Plaintiffs hereby revoke acceptance of the Subject Vehicle.

41. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq*.

42. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq*. and Commercial Code, section 2711.

43. Plaintiffs are entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq*.

### THIRD CAUSE OF ACTION

**Violation of the Song-Beverly Act Section 1793.2(b)**

44. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

45. Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

46. Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service

- 6 -
**COMPLAINT**

and repair shall be commenced within a reasonable time by the manufacturer or its representative.

47. Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

48. The sale of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts, including the electrical system.

49. Plaintiffs delivered the subject vehicle to NISSAN NORTH AMERICA, INC.'s authorized service representatives on multiple occasions. The subject vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the sale of the subject vehicle.

50. Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time, and NISSAN NORTH AMERICA, INC. has failed to tender the subject vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

51. Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq.*

52. Plaintiffs hereby revoke acceptance of the subject vehicle.

53. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

54. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

55. Plaintiffs are entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

56. Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

57. Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that NISSAN NORTH AMERICA, INC. has willfully

failed to comply with its responsibilities under the Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

1. For general, special, and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiffs' actual damages;
6. For prejudgment interest at the legal rate;
7. For reasonable attorney's fees and costs of suit; and

For such other and further relief as the Court deems just and proper under the circumstances.

Dated: April 27, 2023

QUILL & ARROW, LLP

*/s/ Kevin Y. Jacobson*
Kevin Y. Jacobson, Esq.
Daniel Nickfardjam, Esq.
Attorneys for Plaintiffs,
**JANET RODRIGUEZ**
**CARLOS CEJA**

Plaintiffs, JANET RODRIGUEZ and CARLOS CEJA, hereby demand trial by jury in this action.